[Cite as *State v. Domokos*, 2016-Ohio-739.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No. OT-15-008

      Appellee                                      Trial Court No. 13-CR-176

v.

Darrell R.  Domokos                               **DECISION AND JUDGMENT**

      Appellant                                     Decided:  February 26, 2016

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} This is an appeal from the judgment of the Ottawa County Court of

Common Pleas, convicting appellant, Darrell Domokos, of one count of gross sexual

imposition and two counts of unlawful sexual conduct with a minor.  Appellant

challenges the trial court's imposition of a maximum prison sentence.  For the following

reasons, we affirm.

## A. Facts and Procedural Background

**{¶ 2}** On November 13, 2013, appellant was indicted on 12 counts of sexual offenses stemming from his alleged sexual acts with minors over a period spanning from June 1995 through May 2011. Following pretrial matters and plea negotiations, appellant appeared before the court on February 10, 2015, and decided to enter a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), felonies of the fourth degree. Appellant's trial counsel clarified at the plea hearing that appellant maintained his innocence as to the charges contained in the indictment, but wished to plead guilty in order to avoid the potential 65-year prison sentence he would be facing if he were to proceed to trial and be found guilty of all charges. The trial court accepted the plea, ordered the preparation of a presentence investigation report, and continued the matter for sentencing.

**{¶ 3}** At the sentencing hearing on March 16, 2015, the trial court imposed the maximum sentence for each of the offenses to which appellant pleaded guilty. Specifically, the court ordered appellant to serve 5 years in prison on the gross sexual imposition count, and 18 months on each of the counts for unlawful sexual conduct with a minor. The court ordered the sentences to be served consecutively for a total prison term of eight years.

**{¶ 4}** Prior to imposing sentence, the trial court recited the language of R.C. 2929.11, and informed appellant that it had considered the sentencing factors in R.C. 2929.12. Upon consideration, the court stated that it found that "[t]he more serious factors do outweigh the less serious factors." Additionally, the court stated that it considered R.C. 2929.13 and found that appellant was not amenable to community control. The court's consideration of these sentencing statutes was reiterated in its subsequent judgment entry, which stated, in pertinent part:

> The Court has considered the record, oral statements, any victim impact statement, and the pre-sentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11. The Court further has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12. The Court finds that the more likely recidivism factors do not outweigh the less likely factors and that the more serious factors do outweigh the less serious factors. The Court further finds that factors supporting Community Control Sanctions under Ohio Revised Code Section 2929.13 are not present and finds that the Defendant is NOT amenable to community control.

### B. Assignments of Error

**{¶ 5}** Appellant has timely appealed the trial court's imposition of sentence, asserting the following assignments of error for our review:

3.

I.  The trial court erred in imposing a maximum eight (8) year sentence upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code Sections 2929.11 et seq and by doing so, violated defendant-appellant's right to due process.

II.  The trial court abused its discretion in imposing a maximum eight (8) year sentence upon defendant-appellant as it was against the manifest weight of the evidence.

{¶ 6} Because appellant's assignments of error each essentially challenge the trial court's compliance with the sentencing guidelines found in R.C. 2929.11 and 2929.12, we will address them simultaneously.

## II.  Analysis

{¶ 7} We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2).  R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

4.

{¶ 8} In appellant's assignments of error, he argues that the trial court erred in imposing a maximum sentence in this case because it failed to consider certain sentencing guidelines under R.C. 2929.11 and 2929.12. Appellant's argument is limited to the second prong of R.C. 2953.08(G)(2), namely that the sentence is contrary to law.

{¶ 9} Appellant's eight-year sentence was within the permissible range for the charges to which he pleaded guilty. However, appellant asserts that the trial court failed to properly consider R.C. 2929.11 and 2929.12 in fashioning his sentence.

{¶ 10} First, appellant argues that the trial court erred in failing to properly consider all of the factors of R.C. 2929.12(B), concerning whether an offender's conduct is more serious than conduct normally constituting the offense.

{¶ 11} R.C. 2929.12(B) provides, in relevant part:

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

* * *

(6) The offender's relationship with the victim facilitated the offense.

{¶ 12} Although appellant acknowledges the trial court's finding that "the more serious factors do outweigh the less serious factors," appellant urges that the record does not support the trial court's finding. We disagree.

{¶ 13} Notably, the presentence investigation report, which was referenced by the court at the sentencing hearing, reveals that the sexual acts that gave rise to the indictment in this case began when the victim was only eight years old, a fact that is relevant under R.C. 2929.12(B)(1). Further, the sexual offenses continued over a ten-year period. The record also reveals that the victim was appellant's niece, a relevant fact under R.C. 2929.12(B)(6). Finally, the court noted that, in the process of committing the sexual offenses, appellant "was having [the victim] followed," and "threatened to kill the victim." In light of these facts, we conclude that the trial court did not err in finding that appellant's conduct is more serious than conduct normally constituting the offense.

{¶ 14} Next, appellant argues that the trial court erred in failing to consider the application of any of the "less serious factors" under R.C. 2929.12(C), which provides:

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 15} Appellant asserts, without support from the record, that the trial court "could have, and most likely would have, found at least one factor of less serious conduct" had it considered the factors in R.C. 2929.12(C). Having reviewed the record ourselves, we find no facts that would support a finding of any of the less serious factors above. Consequently, we cannot agree with appellant's assertion that any of these factors apply in this case.

{¶ 16} Appellant's remaining arguments loosely track the recidivism factors contained in R.C. 2929.12(D) and 2929.12(E). However, as stated in our recitation of the facts, the trial court's finding regarding the recidivism factors was favorable to appellant in that the court concluded that "the more likely recidivism factors do not outweigh the less likely factors." Thus, it is unclear how any alleged error in the trial court's recidivism analysis prejudiced appellant.

7.

**{¶ 17}** In summary, we have reviewed the record in this case, and conclude that the trial court properly considered the sentencing guidelines under R.C. 2929.11 and 2929.12.

**{¶ 18}** Accordingly, appellant's assignments of error are not well-taken.

### III. Conclusion

**{¶ 19}** In light of the foregoing, we affirm the judgment of the Ottawa County Court of Common Pleas. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.